## OLDROYD v. MORGAN.

### Patent Appeal No. 2956.

Court of Customs and Patent Appeals.
April 4, 1932.

Cyrus Kehr, of Washington, D. C., for appellant.

Charles M. Nissen, of Columbus, Ohio, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed the decision of the Examiner of Interferences awarding priority of invention to the appellee herein.

There is but one count in the issue, which reads as follows: "In a machine of the nature described, the combination of a tool support rotatable on a horizontal axis, mechanism for effecting rotation of said support, a cutting tool, members supporting said tool on said support for movement toward and from the axial line of said support, means on said rotatable support for actuating said supporting members for moving said tool toward and from the axial line of the rotary support, and means extending along the axis of said support for actuating said cutting tool, substantially as described."

Said count was copied by appellee from a claim in a patent, No. 1,365,598, issued to appellant January 11, 1921, upon an application filed May 5, 1916. The application of appellee was filed on June 23, 1913.

Inasmuch as appellee's application was pending at the time of the issue of the patent to appellant, and was filed prior to the application on which appellant's patent was issued, appellee is the senior party, and the burden was upon appellant to establish priority of invention in him by a preponderance of evidence.

The invention involved relates to a machine for mining coal and is sufficiently described in the count for the purposes of this case.

The Primary Examiner originally rejected appellee's claim forming the count here in issue upon the ground that the subject-matter thereof, as construed by him, was not disclosed in appellee's specification or drawings, but, upon appeal, the Board of Examiners in Chief reversed the Primary Examiner, holding that appellee had the right to make the claim. Thereupon this interference was declared.

Two questions are involved upon this appeal:

1. The right of appellee to make the claim which constitutes the count in issue.

2. Priority of conception and reduction to practice of the invention.

With respect to the first question appellant moved to dissolve the interference upon the ground that appellee's application does

not support the claim constituting the count, it being contended by him that appellee's application does not disclose the following elements of the count: "❋ ❋ ❋ Members supporting said tool on said support for movement toward and from the axial line of said support, means on said rotatable support for actuating said supporting members for moving said tool toward and from the axial line of the rotary support. ❋ ❋ ❋"

Said motion was denied by the Law Examiner. In his decision he stated that the claim constituting the count in issue was allowed to appellee, on appellee's ex parte appeal, by the Board of Examiners in Chief, with the information before them that the claim was copied by appellee from appellant's patent for the purpose of an interference; that he had no reason to believe that the decision of the Examiners in Chief would be different on an inter partes appeal than it was on the ex parte appeal, and for that reason the decision of the Examiners in Chief would be followed. He further stated, however, that: "While it is true that the inventions of the two parties, specifically considered, are different from each other, yet the claim in issue defines subject matter common to both inventions."

Voluminous testimony was thereafter taken, and various interlocutory proceedings were had, the latter of which, in view of our conclusions with regard to the questions involved herein, it is not necessary for us to consider.

▆▆ After the taking of testimony was concluded, the Examiner of Interferences found that appellee had the right to make the claim which is the count here in issue. Upon appeal, the Board of Appeals expressly found that appellee's disclosure supported said claim, and further held that, inasmuch as the same elements here being considered were considered in another interference between the same parties, involving appellee's application before us, and in which the same question as to appellee's right to make the claim was raised, based upon alleged lack of disclosure in appellee's application, which contention was decided in favor of appellee by the Law Examiner, the Board of Examiners in Chief, the Commissioner of Patents, and, upon appeal, by the Court of Appeals of the District of Columbia, the matter was res adjudicata.

We find it unnecessary to detail the structures set out in the applications of the parties or the differences between them. It is sufficient to say that the count here in issue clearly reads upon appellee's disclosure in his

application, unless a limitation be imported into the count by reference to appellant's specification. That is to say, appellee's application clearly discloses "members supporting said tool on said support for movement toward and from the axial line of said support" and "means on said rotatable support for actuating said supporting members for moving said tool toward and from the axial line of the rotary support." In appellee's structure the tool and supporting members move toward and from the axial line in a rotary path, whereas in appellant's structure the tool and supporting members remain parallel to the axis as they move toward and from it.

It is appellant's contention that, because his application discloses only a structure where the tool and supporting members remain parallel to the axis of the rotating support as they move toward and from it, such limitation should be read into the count, upon the theory that it was appellant's intention that it should be so limited. In support of this contention he relies upon the rule that, where doubt exists as to the meaning of a patent claim, or if it is susceptible of two interpretations, resort may be had to the drawings and specification to ascertain the true and proper interpretation to be given to it; and appellant contends that, as the count here involved was copied from a claim in appellant's patent, appellee is bound by the meaning intended by appellant. We are in accord with this rule; this court has repeatedly followed it. Brogden v. Slater, 40 F.(2d) 988, 17 C. P. A. 1240; Moore v. Greene, 48 F.(2d) 960, 18 C. C. P. A. 1317.

But, if there be no ambiguity, counts should be given the broadest interpretation which they will reasonably permit. Deibel v. Heise & Schumacher, 46 F.(2d) 570, 571, 18 C. C. P. A. 907. In the case last cited this court, speaking through Judge Hatfield, after holding that there was no ambiguity in the counts there involved, said: "❋ ❋ ❋ The counts of the interference should be given the broadest interpretation which they will reasonably support, and this court is not justified in reading limitations into them for the purpose of changing the plain import of their terms. Had appellant desired to limit his claims to a particular kind or type of kraft paper he might have done so. However, having deliberately elected to claim the invention broadly, he is not in a position to insist that limitations be read into his claims (the counts in issue) for the purpose of avoiding the issues of priority. ❋ ❋ ❋"

However, assuming that the language of

the count is such that we are at liberty to ascertain the meaning intended by appellant in making the claim, we think it is clear that appellant did not intend that the language have the meaning which he now contends for.

It appears from the record that the count here in issue was claim No. 50 of appellant's patent; that claim 51 of said patent was identical with said claim 50, except that it contained the phrase, "and for swinging the tool in a plane parallel to said axial line," and there was substituted the word "mechanism" for the word "means." Thus it is seen that claim 51 of said patent was essentially the same as the count here in issue, except for the limitation above quoted. It is this limitation which appellant now contends we should read into the count here involved; but, if we did so, there would be no material difference between claims 50 and 51 of appellant's patent. Under such circumstances it must be assumed that in claim 50, by omitting said limitation contained in claim 51, appellant sought a broader protection under the former than he secured under the latter.

A very similar case, in principle, to the case at bar is that of Andrews v. Nilson, 27 App. D. C. 451, 454, wherein the appellee there included as an element in a claim "a vibratory strip." His specification showed a vibratory strip of nonmagnetic material, and it was contended by the appellant there that appellee's claim should be construed as limited to a vibratory strip of nonmagnetic material because of the disclosure in the specification. In its opinion the court said: " * * * While the courts are inclined to liberality in referring back to the specifications for limitations to be placed upon elements of a claim in order to save the claim from invalidity by reason of the prior art, they are not so inclined when the prior art does not require it, nor where an infringer insists that such limitations should be imposed in order to escape a charge of infringement; and this is especially so where the element sought to be limited is claimed broadly in one or more claims, and narrowly, and with such limitations, in others. The reasonable presumption is that an inventor intends to protect his invention broadly; and consequently the courts have often said that the scope of a claim should not be restricted beyond the fair and ordinary meaning of the words, save for the purpose of saving it. In reading a claim for the purpose of construing it, heed must not only be paid to the specification proper, and to the drawings, but also to the other claims of the patent. Ryder v. Schlichter, 61 C. C. A. 469, 126 F. 487.''

Our conclusion is that appellee had the right to make the claim forming the count in issue, and that conclusion is fortified by the fact that the Law Examiner, the Examiner of Interferences, and the Board of Appeals have so held, while the Court of Appeals of the District of Columbia, in another interference between the same parties, referred to in the aforesaid decision of the Law Examiner, involving the same question here presented, likewise held that appellee had the right to make the claim. Oldroyd v. Morgan, 58 App. D. C. 78, 24 F. (2d) 1004. In view of this conclusion, we do not find it necessary to pass upon the question of whether the matter is res adjudicata, as held by the Board of Appeals, for the reason that said Board decided also that upon the merits appellee had the right to make the claim.

Appellant also contends that the element in the count reading "members supporting said tool on said support for movement toward and from the axial line of said support" should be construed as meaning a bodily movement of said members.

It is our conclusion that under the ordinary meaning of the word "movement" the element above quoted clearly reads upon figures 8 and 9 of the drawings of appellee's application.

Appellee, in his brief, upon this point has aptly said: "If appellant's arguments were sound the hands of a clock could not be said to move around a dial nor could either hand be said to ever move toward and from any hour designation on the dial."

Upon the question of priority of conception and reduction to practice, both the Examiner of Interferences and the Board of Appeals held that appellant had failed to establish by a preponderance of evidence conception of the invention prior to the date of filing of appellee's application, and therefore appellee was held to be the first to conceive and constructively reduce to practice the invention.

In its decision the Board stated, with respect to the question of priority of conception, as follows: "In considering the question of priority the Examiner of Interferences correctly eliminated the testimony of a large number of Oldroyd's witnesses for the reason that they were not acquainted with him at all until after Morgan's filing date. He has then taken up and quoted in detail such portions of the testimony of each of the remaining witnesses as might have any bearing on the date and substance of any disclosures by Oldroyd to them and has found that

while they testify as to what Oldroyd intended his proposed machine to do, there was very little testimony as to the construction of the machine by which these results were to be accomplished and most of the witnesses relied solely upon their memory, after the lapse of nearly fifteen years, to fix the dates of the alleged disclosure. There were also some discrepancies between the witnesses' testimony and the testimony of Oldroyd as to these dates. His conclusion was that the testimony fell far short of establishing satisfactorily a conception of the invention prior to Morgan's filing date. In view of the quotations from the testimony of each of the witnesses in the decision of the Examiner of Interferences it is useless for us to repeat it here. It is sufficient to say that we read the testimony of each of these witnesses before reading the decision of the Examiner of Interferences and came to exactly the same conclusions as those given by him. * * * "

An examination of the evidence in the record confirms the conclusions reached by said Patent Office tribunals, but we do not deem it necessary to review such evidence, because the rule is here applicable that concurring findings of the Patent Office tribunals upon a question of fact will not be reversed by us unless manifestly wrong. Pengilly v. Copeland, 40 F.(2d) 995, 17 C. C. P. A. 1143.

Upon the record before us we cannot hold that the finding of the Board of Appeals that appellant is not entitled to a date of conception prior to appellee's filing date is manifestly wrong.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.