## MARSHALL et al. v. LEDWINKA.

Patent Appeal No. 3186.

Court of Customs and Patent Appeals.

Dec. 4, 1933.

Milans & Milans, of Washington, D. C. (Calvin T. Milans, of Washington, D. C., and William H. Gross, of Detroit, Mich., of counsel), for appellants.

John P. Tarbox, of Philadelphia, Pa. (J. Calvin Bright, of Philadelphia, Pa., and J. Hanson Boyden, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences, awarding priority of invention to appellee upon a count which reads as follows:

"In combination, an automobile door comprising an extensible portion substantially of the full width of the body of the door, a latch operating mechanism on opposite sides of the path of movement of said extensible portion, one of which connects with the other through an oscillating member journalled exteriorly of the jamb face of the door rail."

Appellee contends, and appellants do not deny, that grammatically, the phrase "a latch

operating mechanism" should be in the plural and should be considered as reading "latch operating mechanisms."

The general character of the alleged invention in issue is sufficiently stated in the count.

Appellants' application, No. 6425, was filed February 2, 1925; appellee's application, No. 683,144 was filed December 28, 1923.

It appears from the record that appellee's application and the application of one Tarbox are owned by a common assignee; that the count here in issue was first claimed in the Tarbox application, No. 50,170, filed August 14, 1925, and was later copied by appellee in an amendment of his application. Said claim was suggested to appellants for purposes of interference, and the claim was added to their application by proper amendment. This interference was thereafter declared.

No testimony was taken by either party, the award of priority being predicated on a record judgment by reason of the failure of appellants to overcome in their preliminary statement the filing date of appellee's application.

After the preliminary statement of appellants was opened, they moved to dissolve the interference upon the following grounds:

"First. That the interference be dissolved, on the ground of non-patentability of the count constituting the single issue of the interference, when said count is construed of sufficient breadth to be readable on the disclosure of the Ledwinka application;

"Second. That the interference be dissolved, on the ground that the party Ledwinka has no right to make the claim, in view of an absence of disclosure in the Ledwinka application of the subject-matter of the count constituting the single issue of the interference;

"Third. That the interference be dissolved, on the ground that the party Ledwinka is estopped from contesting the subject-matter of the interference."

Only the second of these grounds is urged here. While there is included in the reasons of appeal a statement that the Board of Appeals erred in not holding that appellee is barred by estoppel from an award of priority herein, this reason of appeal was not urged or argued before us. In their brief appellants state:

"The sole question for determination on appeal is whether or not the disclosure in the Ledwinka application is sufficient to form a basis for the single interference count when the latter is properly construed in the light of the disclosure of the party (not Ledwinka) who first made the claim corresponding to the count."

It is therefore not necessary for us to discuss the question of estoppel at length. We think it proper to observe that we find nothing in the record upon which such claim of estoppel could properly be based.

■ With respect to the right of appellee to make the claim corresponding to the count in issue, it is contended by appellants that the count should be construed in the light of the disclosure of the Tarbox application, from which the claim corresponding to the count was copied, and that only by such construction can the count be held to be patentable in view of the prior art, as shown by patents in the record; that when so construed the count does not read upon appellee's disclosure, and hence he cannot make the claim.

The Board of Appeals held that the count is fairly readable upon appellee's disclosure. In making this finding the board said:

"Considering the Ledwinka disclosure, obviously an automobile door comprising an extensible portion substantially the full width of the body of the door is illustrated in this disclosure. The party Ledwinka also discloses a handle on the outside and inside of the door to operate a latch on the door and such handles are certainly latch operating mechanism on opposite sides of the path of movement of the extensible portion. These handle members are interconnected through the operating member 14 arranged exteriorly of the jamb face of the door rail. It is true that this member 14 acts as a latch, but it also extends across the jamb face of the door so that the handles and cooperating members on either side of the door can operate the same and forms a connection between said oppositely arranged operating members. This member 14 pivots about a pin 13 and can therefore be said in a very broad sense to be journalled thereon, considering the word 'journalled' to imply a bearing for the oscillating member. We consider that the claim is fairly readable on the Ledwinka construction."

We are in full accord with the foregoing views of the Board of Appeals. Only by reading into the count limitations not therein expressed or implied can it be found that it does not read upon appellee's disclosure.

■ That in an interference proceeding the counts must be given the broadest interpreta-

tion which they will reasonably support is so well established that citations of authority are unnecessary.

While appellants, of course, recognize this rule, they contend that there is another rule which must also be considered, viz., that the count should not be so interpreted as to render it unpatentable if a narrower construction may properly be given it that will avoid anticipation by prior art patents.

■ It is apparent, however, that the Board of Appeals in the case at bar did give the count here involved a broad interpretation, and we are not at liberty in this proceeding to inquire whether such broad interpretation renders the count unpatentable. McCabe v. Cramblett, 65 F.(2d) 459, 20 C. C. P. A. 1220; Deibel v. Heise & Schumacher, 46 F. (2d) 570, 18 C. C. P. A. 907; Brogden v. Slater, 40 F.(2d) 988, 17 C. C. P. A. 1240.

We said in the case last cited that, had the Board of Appeals narrowly construed the claims and held that if broadly construed they would not be patentable, a different question would be presented. A like observation is applicable here. So far as this case is concerned, the count as construed by the Board must be regarded as patentable, and therefore there is no occasion here for the application of the rule contended for by appellants, that the count must be given a narrower construction than that given it by the board to avoid anticipation by the prior art.

Whether the count, as construed by the Board, is in fact patentable is a matter for ex parte consideration by the Patent Office tribunals, and cannot be inquired into upon this appeal. Gowen v. Hendry et al., 37 F. (2d) 426, 17 C. C. P. A. 789; Brogden v. Slater, supra.

■ There is included in the record the Tarbox application from which the count here in issue was copied. Said application contains twelve claims, the count here involved being identical with claim 9. An examination of said claims reveals the fact that the limitations which appellants now seek to read into the count in issue were included in certain claims of Tarbox, but not in claim 9. This leads us to the conclusion that Tarbox deliberately framed claim 9, corresponding to the count here in issue, in order to secure a broader protection than would be afforded him in the claims containing said limitations. This fact supports our conclusion that the Board of Appeals did not err in refusing to construe the count as contended for by appellants.

That it is proper, in construing a claim of an application, to consider other claims in the application, is well established. Oldroyd v. Morgan, 57 F.(2d) 358, 19 C. C. P. A. 1111; Andrews v. Nilson, 27 App. D. C. 451; Ryder v. Schlichter (C. C. A.) 126 F. 487.

Appellants contend that the decision of the Board of Appeals in the case at bar is contrary to its decisions in companion interferences denying appellee's right to make claims similar to the count here involved. Said claims alleged to be similar to the count here in issue are contained in the record. While not necessary to our decision herein, we would observe that in each of the said claims the latch is recited as a positive element, but is not so recited in the count before us. This clearly distinguishes said claims from the count here involved. In its decision in the case at bar the Board of Appeals said:

"Appellants have maintained that the latch should be inferentially included into the count and therefore the oscillating member and the latch being the same member would be included twice in the claim. The latch is not included as a positive element in the claim and therefore the question of whether the latch and operating member are the same member, does not arise as to this claim."

We are in accord with the foregoing statement of the Board, and we find no conflict in its decisions as claimed by appellants.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.